UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:25-cr-00213-JNW |
| Plaintiff, | ORDER GRANTING JOINT MOTION TO CONTINUE TRIAL |
| v. | |
| JOSE ANGEL NAVARRO HERNANDEZ et al., | |
| Defendants. | |

This matter comes before the Court on the Parties' joint motion to continue trial. Dkt. No. 80. All parties except for Defendant Sylvestre Ramos ask the Court to move the trial date to January 19, 2027. Ramos agrees that a continuance is appropriate but does not stipulate to the proposed trial date and instead requests a trial date in September 2026. *Id*. at 1. Ramos also indicated that he has a conflict with the proposed trial date of January 19, 2027. *Id*. at 2. Four Defendants submitted speedy trial waivers to accommodate a continuance. Dkt. Nos. 81; 82; 84; 86.

This case involves a yearlong investigation into a drug trafficking organization, during which investigators conducted 21 separate controlled buys.

ORDER GRANTING JOINT MOTION TO CONTINUE TRIAL - 1

Dkt. No. 80 at 3. On November 5, 2025, the grand jury returned a superseding indictment which added two additional defendants and additional substantive charges based on drug seizures from October 28, 2025. *Id.* at 5. As of December 2025, the Government was still preparing its first batch of discovery. *Id.* The Government also states that it "is actively gathering and organizing additional discovery, which will include supplemental reports relating to takedown searches, additional DEA Laboratory reports, body worn camera video, cell phone extractions, video from pole cameras, location data for cell phones and vehicles, and reports and materials generated by agencies other than DEA that have been involved in the investigation." *Id.* at 6.

Based on the record, the Court FINDS that:

1. A failure to grant such a continuance in this proceeding would likely result in a miscarriage of justice, as stated in 18 U.S.C. § 3161(h)(7)(B)(i);

2. Under 18 U.S.C. § 3161(h)(7)(B)(ii), this case is complex due to the number of defendants and nature of the prosecution such that it is unreasonable to expect adequate preparation for pretrial proceeding or for the trial itself within the time limits established by 18 U.S.C. § 3161;

3. Taking into account the exercise of due diligence, a failure to grant a continuance in this case would deny counsel for the defendants the reasonable time necessary for effective preparation due to counsel's need for more time to review the evidence, consider possible defenses, and gather evidence material to the defense, as stated in 18 U.S.C. § 3161(h)(7)(B)(iv); and therefore

ORDER GRANTING JOINT MOTION TO CONTINUE TRIAL - 2

4. The ends of justice will best be served by a continuance, and the ends of justice outweigh the best interests of the public and the defendants in any speedier trial, as stated in 18 U.S.C. § 3161(h)(7)(A).

The Court overrules the objections of those defendants who oppose the continuance. In multi-defendant cases like this one, a reasonable trial continuance as to any defendant tolls the Speedy Trial Act period as to all joined co-defendants. *United States v. Messer,* 197 F.3d 330, 336 (9th Cir. 1999) ("It is well established that an exclusion from the Speedy Trial clock for one defendant applies to all codefendants."); *see* 18 U.S.C. § 3161(h)(6).

As stated above, the Court finds that the requested continuance is reasonable under the circumstances. The Ninth Circuit has upheld similar continuances in complex cases, particularly where, as here, discovery is voluminous, the case involves multiple defendants, and additional time is needed to adequately prepare for trial. *See United States v. Henry*, 984 F.3d 1343, 1353–54 (9th Cir. 2021) (delay of 315 days was reasonable in complex bank robbery and conspiracy case with multiple defendants).

Accordingly, the Court ORDERS the following:

1. The Joint Motion to Continue Trial is GRANTED. Dkt. No. 80.

2. Trial for all Defendants is RESET to January 19, 2027.

3. Pretrial motions must be filed no later than October 19, 2026.

4. The period of delay from the date of this order to the new trial date is excludable time pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(i), (ii), and (iv).

ORDER GRANTING JOINT MOTION TO CONTINUE TRIAL - 3

Dated this 23rd day of January, 2026.

Jamal N. Whitehead
United States District Judge

ORDER GRANTING JOINT MOTION TO CONTINUE TRIAL - 4